## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2013

No. 13-10004
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES HOWARD LOOMAN, III,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-330-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James Howard Looman, III, pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). He received an 84-month prison sentence. On appeal, Looman challenges his conviction on the grounds that the factual basis for his plea was insufficient and that the Commerce Clause did not grant Congress the authority to enact the statute he was convicted under. The Government moves for summary affirmance or, alternatively, for an extension of time to file a brief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10004

A defendant can be guilty of possessing a firearm as a felon only if, as relevant here, there is proof that the "firearm traveled in or affected interstate commerce." *United States v. Meza*, 701 F.3d 411, 418 (5th Cir. 2012); *see* § 922(g)(1). Looman does not dispute that the factual basis contained this element. Instead, he argues that the factual basis was insufficient because it did not state that by possessing the gun he was actively participating in economic activity or that he was engaged in the gun market at the time of his arrest. Moreover, he contends that § 922(g)(1) is invalid to the extent that it attempts to criminalize a felon's possession of a firearm that is not directly related to ongoing commerce. In support of these assertions, he relies on his interpretation of the Supreme Court's recent decision in *National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566 (2012), which he contends establishes that the Commerce Clause permits Congress to regulate only ongoing economic activities.

We recently rejected the argument that *National Federation* overrules our prior precedent holding § 922(g)(1) constitutional. *United States v. Alcantar*, No. 12-10909, 2013 U.S. App. LEXIS 20452 *7 (5th Cir. Oct. 7, 2013).[1] Thus, this issue is now foreclosed, making summary affirmance appropriate. The Government's motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The alternative motion for an extension of time to file a brief is DENIED as moot.

---

[1] In that case, we determined that the standard of review applicable to Alcantar's argument was not case determinative because even under de novo review, there was no error. *See Alcantar*, 2013 U.S. App. LEXIS 20452 *7 n.4. Thus, we need not determine the standard of review applicable here because *Alcantar* forecloses Looman's argument even under the least deferential standard of review.